FILED

2026 Apr-07  PM 03:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **HENRY CLAY SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:25-cv-337-ACA-HNJ** |
| | ) | |
| **STATE OF ALABAMA,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

### MEMORANDUM OPINION AND ORDER

In February 2026, the magistrate judge entered a report, recommending that the court deny Petitioner Henry Clay Smith's *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismiss his claims with prejudice as time barred. (Doc. 29). The magistrate judge also recommended denying Mr. Smith's Motion for Remand to Vacate (doc. 23), Second Motion for Remand to Vacate (doc. 25), and Third Motion for Remand to Vacate (doc. 26) and overruling Mr. Smith's Objection by Writ of Mandamus (doc. 27) and Petition for Writ of Mandamus (doc. 28). Mr. Smith objected to the magistrate judge's report and recommendation. (Doc. 30).

As the magistrate judge explained, Mr. Smith's one-year limitation period to file a habeas action under 28 U.S.C. § 2254 expired on August 22, 2005, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Doc. 29

at 12–17).  Mr. Smith filed this § 2254 habeas petition on February 26, 2025, more than nineteen years later. (*See* doc. 1 at 1, 6, 7). And Mr. Smith failed to establish statutory tolling that would render his petition timely. (Doc. 29 at 17–20). Nor did Mr. Smith establish the applicability of equitable tolling or the miscarriage of justice/actual innocence exception to the AEDPA's one-year statute of limitations. (Doc. 29 at 20–21).

In his objections, Mr. Smith repeats his arguments that the court violated his rights when it denied him a magistrate consent form and that the AEDPA one-year statute of limitations does not apply to his claims because he challenges the subject matter jurisdiction of the state court that imposed his sentence. (Doc. 30 at 2–4). But as the magistrate judge explained, Mr. Smith's "argument that the state trial court lacked jurisdiction presents, at most, a claim of legal innocence, not factual innocence, and does not excuse his failure to file his federal petition sooner." (Doc. 29 at 21). Moreover, the court agrees that the magistrate judge properly exercised his authority under 28 U.S.C. § 636(b). (*See* doc. 29 at 22–25). The court **OVERRULES** Mr. Smith's objections. (Doc. 30).

The court therefore **ADOPTS** the report and **ACCEPTS** the recommendation. The court **WILL DENY** the petition and **WILL DISMISS** this action **WITH PREJUDICE**. (Doc. 7).

The court **WILL DENY** Mr. Smith's Motion for Remand to Vacate (doc. 23), Second Motion for Remand to Vacate (doc. 25), Third Motion for Remand to Vacate (doc. 26), and Motion to Show Cause (doc. 31). The court also **WILL OVERRULE** Mr. Smith's Objection by Writ of Mandamus (doc. 27) and Petition for Writ of Mandamus (doc. 28).

**DONE** and **ORDERED** this April 7, 2026.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE